CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUL 27 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CHARLES EDWARD MORRIS,
    Petitioner,

v.

GILES COUNTY CIRCUIT COURT,
    Respondent.

Civil Action No. 7:07-cv-00285

By: Hon. Glen E. Conrad
United States District Judge

MEMORANDUM OPINION

On June 4, 2007, Charles Edward Morris, a Virginia pre-trial detainee proceeding pro se, filed this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. After reviewing the complaint, the court concluded that Morris's claims were more appropriately filed as a petition for a writ of habeas corpus and directed the Clerk to file this case in forma pauperis as a habeas action under 28 U.S.C. § 2241.[1] Because Morris ("petitioner") was confined in the New River Valley Regional Jail ("NRVRJ"), the court added the superintendent of NRVRJ, Donnie Simpkins, as a respondent[2], and ordered that the habeas petition be served upon him.[3] Respondents have filed motions to dismiss,

---

[1] A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of the length of his confinement. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint does concern the fact or length of confinement, then the proceeding is in habeas. Id.
    In this case, petitioner is a pre-trial detainee who has been found not competent to stand trial, yet is being held long-term in the New River Valley Regional Jail while receiving medical treatment in an attempt to restore his competency to stand trial. Petitioner faces felony indictments in the Giles County Circuit Court. He alleges that he has been held in the jail for over three years and three months. Petitioner contends that he should be released or transferred to a state mental hospital. State prisoners in custody pending trial, such as petitioner, may use 28 U.S.C. § 2241 to obtain review of claims amenable to pre-trial review. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 489-92 (1973) (permitting review of demand for speedy trial). Accordingly, plaintiff's cause of action is in habeas. Todd, 712 F.2d 70.

[2] Virginia law provides that the superintendent of a regional jail exercises the same control and authority over prisoners confined to a regional jail as Virginia sheriffs. See Va. Code § 53.1-109.

[3] Because the named defendant in petitioner's original complaint was the Giles County Circuit Court, the court directed the Clerk to forward a copy of the summons, certified copies of the petition, and the court's orders in this case to the Clerk of the Giles County Circuit Court in Pearisburg, Virginia. The Clerk of the Giles County

petitioner has filed responses, and respondents have filed replies to petitioner's responses. Accordingly, the petition is ripe for disposition on respondents' motions to dismiss. For the following reasons, the court will grant the motions.

As the court has noted, petitioner is a pre-trial detainee facing felony indictments in the Giles County Circuit Court ("circuit court"), and is being held in custody at NRVRJ, where he alleges he has been held for over three years and three months. On April 11, 2007, the circuit court entered an order pursuant to Virginia Code § 19.2-169.1, finding petitioner not competent to stand trial and directing that petitioner receive treatment to restore his competency. The circuit court ordered the facility treating petitioner – that is, the mental health unit at NRVRJ – to notify the court if the facility determined that petitioner would remain incompetent for the foreseeable future and, if so, to recommend whether petitioner should be released from NRVRJ and committed pursuant to the Commonwealth's involuntary commitment statutes. The circuit court order is signed by petitioner's counsel in the criminal matters, acknowledging counsel's agreement to waive petitioner's right to a speedy trial.

In the instant petition, Morris asks this court to order him transferred to a state mental health facility or immediately released. However, the petition must be dismissed because petitioner has failed to exhaust all available state remedies. Pretrial habeas relief is not available under § 2241 unless a petitioner is in custody, has exhausted his state court remedies, and "special circumstances" justify the provision of federal review. See Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th

---

Circuit Court has filed a motion to dismiss, arguing that she is not a proper respondent. Because a petition for writ of habeas corpus "shall be directed to the person having custody of the person detained," 28 U.S.C. § 2243, and the Clerk of the Giles County Circuit Court is not petitioner's custodian, the Clerk of the Giles County Circuit Court will be dismissed as a respondent in this case. See also United States v. Moussaoui, 382 F.3d 452, 464-65 (4th Cir. 2004) ("[o]rdinarily, a habeas writ must be served on a prisoner's immediate custodian – the 'individual with day-to-day control over' the prisoner") (citations omitted).

Cir.1987); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-490 (1973). Special circumstances do not exist if adequate state court procedures are available to protect a petitioner's constitutional rights. See Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975). Only after a person in state custody has exhausted all available state remedies can he seek § 2241 review of his detention. See Braden, 410 U.S. at 489-92; see also United States v. Gaylor, 828 F.2d 253, 254-55 (4th Cir.1987). The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir.1994) (citations omitted). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.[4] See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

In this case, petitioner concedes that he has not exhausted state court remedies. He argues that "special circumstances" warrant this court's intervention, but points to no special or unusual circumstances that would excuse his failure to exhaust his state law remedies and justify this court's intervention before the state courts have had a "full and fair opportunity" to review his claims. See Mallory, 27 F.3d at 994 (citation omitted). If petitioner is unsuccessful in the trial court in invoking his trial rights, he may file a petition for a writ of habeas corpus in the Supreme Court of Virginia. Until he has reached the Supreme Court of Virginia through one of the routes described, however, this

---

[4] In Virginia, that court is the Supreme Court of Virginia. See Va.Code. § 8.01-654.A.1. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, if he is convicted after raising the claims in the trial court, petitioner can file a direct appeal to the Virginia Court of Appeals, see Va.Code § 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his confinement collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va.Code § 8.01-654(A); § 17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va.Code § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. In the instant case, petitioner could petition the circuit court or the Supreme Court of Virginia for a writ of habeas corpus. See Va.Code. § 8.01-654.A.1. Additionally, insofar as it appears petitioner has counsel in his criminal case, he is advised to consult with counsel.

3

court cannot address his claims under § 2241.

Because petitioner failed to exhaust his state court remedies prior to filing the instant petition, respondent's motion to dismiss must be granted. The petition will be dismissed without prejudice for failure to exhaust state court remedies. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying final order to petitioner.

ENTER: This 27th day of July, 2007.

/s/ Jackson L. Kiser
United States District Judge